**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

ALLSTATE INSURANCE COMPANY                                              PLAINTIFF

vs.                                                      Civil Action No. 3:02-cv-1801 WS

REID THOMAS, PAULA THOMAS,
MICHAEL McGEE, and MELANIE McGEE                            DEFENDANTS


**ORDER GRANTING SUMMARY JUDGMENT**

Before this court is the motion for summary judgment filed by the plaintiff in this action, Allstate Insurance Company (hereinafter "Allstate"). On December 18, 2002, Allstate filed this declaratory judgment action pursuant to Title 28 U.S.C. §§ 2201[1] *et seq.* against defendants Reid Thomas, Paula Thomas, Michael McGee and Melanie McGee. By its complaint, Allstate seeks a judgment from this court that it has no liability to the McGees under its Homeowners Policy issued to the Thomases, which policy has been the focus of attention following a lawsuit filed by the McGees against the Thomases in the Circuit Court of Rankin County, Mississippi, for malicious prosecution. The Thomases and McGees oppose Allstate's motion for summary judgment. Not persuaded by their arguments, this court hereby grants summary judgment to Allstate for the reasons which follow.

---

[1] Title 28 U.S.C. § 2201(a) states, in pertinent part, the following: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

**Background Facts**

The underlying incident giving rise to this matter began on August 16, 1999, when Reid Thomas filed a claim against Michael McGee in the Justice Court of Rankin County (hereinafter "the prosecution action") in which Thomas alleges that McGee had failed to pay him for dirt and dozier work which he provided to McGee.

A Justice Summons was issued in the civil prosecution action on August 16, 1999, summoning Michael McGee to appear before the Justice Court for trial on September 17, 1999. Michael McGee filed his answer in the civil prosecution action on September 15, 1999.

The Justice Court civil prosecution action was dismissed in McGee's favor on November 5, 1999. Thomas appealed the decision to the County Court of Rankin County, and the appeal was dismissed on January 19, 2000.

A motion for reconsideration was then filed on behalf of Thomas against McGee in the County Court of Rankin County. The motion was granted, and the matter proceeded to trial in County Court on April 20, 2001, in the civil prosecution action. At trial, the jury found against Thomas in favor of McGee.

**The McGees' Allegations Against the Thomases**

Subsequently, Mr. and Mrs. McGee filed a lawsuit against Mr. and Mrs. Thomas in the Circuit Court of Rankin County on March 28, 2002 (hereinafter the "underlying tort lawsuit"), based on the damages they purport to have suffered as a result of the civil prosecution lawsuit by Mr. and Mrs. Thomas against them.

In their complaint in the underlying Rankin County tort lawsuit, Mr. and Mrs. McGee

make allegations of intentional torts, including intentional infliction of emotional distress, negligent infliction of emotional distress, negligent infliction of emotional distress, malicious prosecution, abuse of process, and conspiracy (all of which, other than "negligent" infliction of emotional distress, are clearly intentional torts).  The McGees seek to recover both compensatory and punitive damages for the Thomases' civil prosecution lawsuit.

### Allstate Policy

Allstate issued a Deluxe Homeowners Policy, Policy No. 045370718 (hereinafter "Homeowners Policy") to Thurman Reid and Paula A. Thomas.

The Homeowners Policy clearly sets forth the basis of liability coverage under the policy as follows:

> **Coverage X**
> **Family Liability Protection**
>
> **Losses We Cover Under Coverage X:**
> Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and covered by this part of the policy.

The Homeowners Policy also clearly defines an "occurrence," "bodily injury," and "property damage" as follows:

> **Definitions Used in This Policy**
>
> **"Occurrence"** - means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage.**

3

> **"Bodily Injury"** - means physical harm to the body, including sickness or disease, and resulting death, except that bodily injury does not include:
> a) any venereal disease;
> b) Herpes;
> c) Acquired Immune Deficiency Syndrome;
> d) AIDS Related Complex;
> e) Human Immunodeficiency Virus; or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above.
>
> **"Property Damage"** - means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

The Homeowners Policy clearly and unambiguously provides that there is no coverage for bodily injury or property damage intended by or which may reasonably be expected to result from the intentional or criminal acts or omissions of any insured person by stating as follows:

> **Losses We Do Not Cover Under Coverage X:**
>
> 1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person.**

### The Thomases' Admissions

Reid Thomas and Paula Thomas at various times have made the following admissions:

During his deposition testimony provided on November 1, 2002, Reid Thomas admitted to filing the civil prosecution lawsuit against Michael McGee in Justice Court.

Further, on March 21, 2003, Reid Thomas presented affidavit testimony again admitting that he filed the Justice court civil prosecution lawsuit against Michael McGee.

On March 21, 2003, Paula Thomas, through affidavit testimony, admitted that her husband, Reid Thomas, had filed the civil prosecution lawsuit against Michael McGee.

On April 21, 2003, Reid and Paula Thomas filed their Memorandum Brief in Support of Defendant's Motion to Dismiss and/or for Summary Judgment in the underlying tort lawsuit, and the undisputed facts listed in their Memorandum Brief admit that Reid Thomas filed the civil prosecution lawsuit against Michael McGee in the Justice Court of Rankin County.

Allstate points to these admissions to show that the Thomases in filing the civil prosecution lawsuit acted intentionally and not as a result of accident.

## Summary Judgment Jurisprudence

The jurisprudence of Rule 56 is clear:  any party, whether plaintiff or defendant, may move the court for a judgment in its favor if the material facts are undisputed and if the applicable law directs a verdict for the movant. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004); *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980).  Therefore, when faced with a Rule 56 motion, the court's first requirement is to determine whether any material facts are in dispute. *Am. Home Assurance Co.*, 378 F.3d at 486.  The parties here both acknowledge that there are no material facts in dispute.  Next, when scrutinizing a Rule 56 motion, the court looks to the applicable law.

The court's subject matter jurisdiction for this lawsuit is predicated upon diversity of

citizenship. Title 28 U.S.C. § 1332.[2] The plaintiff, Allstate, is diverse in citizenship from the citizenship of all defendants. Further, the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Inasmuch as this court's jurisdictional grant is diversity of citizenship, this court is obligated to apply the substantive law of the State of Mississippi to this dispute. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

### **Holding**

The underlying civil prosecution lawsuit was certainly not "an accident," and thus, clearly does not constitute an "occurrence" (as defined by the Homeowners Policy and Mississippi law) such that there is no liability coverage for the Thomases under the Allstate policy. *United States Fidelity & Guar. Co. v. Omnibank*, 812 So. 2d 196, 200 (Miss. 2002); *Allstate Ins. Co. v. Moulton*, 464 So. 2d 507, 509 (Miss. 1985).

Moreover, the McGees have not asserted a claim for or suffered any "property damage" or "bodily injury" (as defined by the Homeowners Policy and Mississippi law) as a result of Reid Thomas filing the civil prosecution lawsuit against Mr. McGee in Justice Court on August 16, 1999, or any further prosecution of the action. *Snagg Harbor Ltd. v. Zurich Ins.*, 968 F.2d 538, 542 (5th Cir. 1992); *Audubon Ins. Co. v. Stefanick*, 98 F. Supp. 2d 751, 756 (S.D. Miss. 1999).

Still, further, there is no genuine issue of any material fact disputing that Reid

---

[2]Title 28 U.S.C. § 1332(a)(2) provides as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

6

Thomas intentionally filed the lawsuit in the Justice Court of Rankin County, Mississippi, on August 19, 1999.  These intentional acts of Reid Thomas are excluded from any insurance coverage on the applicable Homeowners Policy.  *Louis v. Allstate Ins. Co.*, 730 So. 2d 65 (Miss. 1999);  *Audubon Ins. Co.*, 464 So. 2d at 510.

## Conclusion

Having applied the appropriate juridical principles to the undisputed material facts of this lawsuit, this court is persuaded to grant summary judgment to Allstate [**Docket No. 37**.  The provisions of the Homeowners Policy in question simply do not embrace any liability for the civil prosecution lawsuit by the Thomases against the McGees.  Allstate has persuaded the court that here under its Homeowner Policy definitions, there is neither an "occurrence," "bodily injury," or "property damage."  Further, this court is persuaded that the policy's "intentional acts" provision precludes any coverage here.  Accordingly, this court holds that Allstate Insurance Company is entitled to judgment in its favor as a matter of law.  Finally, the motions in limine [**Docket Nos.  45 and 46**] are terminated as moot.

**SO ORDERED AND ADJUDGED, this the 17th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:02-cv-1801 WS
Order Granting Summary Judgment